## *In re* MEGROZ *et al.*

### *(Circuit Court, S. D. New York.   March 9, 1892.)*

CUSTOMS DUTIES — ADMINISTRATIVE CUSTOMS ACT OF JUNE 10, 1890 — UNITED STATES
· GENERAL APPRAISER—REAPPRAISEMENT.
    A United States general appraiser, when reappraising the value of imported merchandise, pursuant to the requirements of section 13 of the administrative customs act of June 10, 1890, (chapter 407, 26 U. S. St. p. 131,) is not constrained at all by the rules that pertain to courts, but may reappraise such merchandise at a higher value than that fixed by the local appraiser, even though such reappraisement be had at the instance of the importer thereof, and not at that of a collector of customs.

At Law.   Appeal by importers from a decision of the board of United States general appraisers.

During the month of August, 1890, the firm of Megroz, Portier, Magny & Co. imported from a foreign country into the United States at the port of New York certain merchandise.   This merchandise was appraised by the local appraiser at a value greater than the entered value thereof.   Pursuant to the provision of section 13 of the administrative customs act of June 10, 1890, (chapter 407, 26 U. S. St. p. 131,) the importers, within the time prescribed thereby, gave notice of their dissatisfaction with the appraisement made by the local appraiser to the collector of customs, who at once directed a reappraisement of this merchandise by one of the general appraisers, who appraised this merchandise at a value above that fixed by the local appraiser.   Thereafter, pursuant to the provisions of said section 13, the importers, within the time prescribed thereby, gave notice of their dissatisfaction with the appraisement made by the one general appraiser to the collector of customs, who transmitted the invoice of this merchandise, and all papers appertaining thereto, to a board of three general appraisers, who, after examination, decided that the value of this merchandise, as appraised by the one general appraiser, was the dutiable value thereof.   Upon the value of this merchandise so decided to be the dutiable value the collector of customs assessed duty at the rate prescribed for such merchandise by the tariff act in force at the time of its importation.   Against the assessment of duties on the value of this merchandise, decided as aforesaid to be the dutiable value thereof, the importers protested, claiming, in substance, that the reappraisement was illegal and void, on the ground that the said one general appraiser had no authority on reappraisement to raise values above those fixed by the local appraiser, the appeal from the appraisement made by the latter not having been

taken by the collector, but by the importers. Upon receipt of this protest, as provided by section 14 of the aforesaid administrative customs act, the collector submitted the case thus presented to a second board of three general appraisers at this port, who overruled the importer's protest, and affirmed the decision of the collector as to the aforesaid assessment of duties. Within the time prescribed by section 15 of the aforesaid administrative customs act the importers applied to the United States circuit court for this district for a review of this last-mentioned decision.

*W. Wickham Smith*, of *Curie, Smith & Mackie*, for importers.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for collector.

LACOMBE, Circuit Judge, (*orally.*) An appraiser, whenever called upon to act, is not constrained at all by the rules that pertain to courts, but goes to work to satisfy his own mind, in the best way he can, what goods are worth; and he can do that notwithstanding he reaches the conclusion that the goods are worth more than the value fixed by the local appraiser. The decision of the board of United States general appraisers is therefore affirmed.